JOHN L. MALONE vs. EDGAR ZIELIAN.

New Castle County, September Term, 1894.

**Mechanics' Lien.**—A contractor for a part of a building who has completed his work is entitled to recover, although the whole of the building is not completed.

This was a mechanics' lien for materials furnished and work and labor done in and for the erection and construction and upon the credit of two brick houses situated in the city of Wilmington. The plaintiff furnished the stone work for the buildings, and had fully performed his contract on May 1, 1894. On August 24, 1893, the statement of claim was filed, although the buildings were not at that time completed.

On September 19, 1894, the defendant filed the following affidavit of defence, to wit:

" That the said John L. Malone, said plaintiff, is a contractor, who contracted with the said Edgar Zielian, said defendant, owner or reputed owner, for the erection of the houses, buildings or structures in said plaintiff's statement mentioned in part, and for

the furnishing of a part of the materials therefor; that the said buildings, houses or structures so contracted for by him, the said plaintiff, are not yet completed, and that the said plaintiff had no right under the statutes of State of Delaware in that behalf made and provided to file his said statement of his claim on the twenty-fourth day of August, A. D· 1894, when the same appears to have been filed, nor at any time hitherto."

*John K. Bradford,* for the plaintiff, moved for judgment, notwithstanding the affidavit of defense, and contended that the plaintiff having completed his own contract was entitled to his lien even though the buildings were incomplete.

*H. H. Ward,* for the defendant, *contra.*

LORE, C. J., delivered the opinion of the court.

In the mechanics' lien case of John L. Malone v. Edgar Zielian, owner or reputed owner; both the affidavit of demand and the affidavit of defence show that this was an action brought by the contractor for a part of the building; that he had completed his part of the contract, but that the entire building was not completed. The statement was filed within thirty days after the ninety days next following the completion of the work by this particular contractor. The defense is, as we understand it, that he could not file his statement at the time, because the entire building was not completed.

The language of the Act of Assembly applying to contracts, is "that the statement cannot be filed until after the expiration of ninety days from the completion of the building contracted for by him," and the contention of defendant is that the entire building must be completed, or he cannot file his statement.

We think these words apply to so much of the building as he contracted to build; and that is the only reasonable and fair construction to be put upon that language; and as it appears by both the affidavit of demand and affidavit of defence that he completed

his work, we think that he had the right to file his statement within the thirty days after the expiration of the ninety, and therefore, we shall order judgment to be entered, notwithstanding the affidavit of defence.

We might say, we think that the object and spirit of that law evidently is, that one who contracts with the owner to do work should not be estopped from having his remedy when he has completed his work, because some other person over whom he has no control, and who is entirely independent of him, has not completed his work.